IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTIAN McLENDON,

Petitioner,

    vs.                                          Case No. 15-cv-586-DRH

JUDGE WILLIAM SCHWARTZ,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner is currently incarcerated at the Jackson County Jail. He brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254, seeking an order to compel the respondent, Jackson County Illinois Circuit Judge William Schwartz, to dismiss all criminal charges against petitioner, release him from jail, and return his bond money in full.

In February 2015, petitioner sought the same relief in a habeas corpus action brought pursuant to 28 U.S.C. § 2241. *McLendon v. Schwartz*, Case No. 15-cv-210-DRH (S.D. Ill.).[1] At that time, he was awaiting trial on three pending cases. The petition was dismissed without prejudice on March 25, 2015 (Doc. 6 in Case No. 15-cv-210).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States

---

[1] The earlier case (15-cv-210) contained a spelling error in petitioner's surname, which was initially listed as "McLedon" based on some of the petitioner's documents. He later clarified that the correct spelling is "McLendon." The Court's records have been corrected accordingly, however, the dismissal order in that case still contains the incorrect spelling.

District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition, the Court concludes that this action must be dismissed.

**The Petition**

According to the petition, McLendon was convicted of attempted burglary in Jackson County Case No. 14-CF-407, on May 7, 2015 (Doc. 1, p. 5). His sentencing was expected to take place on approximately July 8, 2015 (Doc. 1-2, p. 10). At the time this action was filed (on May 28, 2015), petitioner was apparently still awaiting trial on a separate home invasion charge in Jackson County Case No. 15-CF-38 (Doc. 1-1, pp. 5-8; Doc. 1-2, pp. 10-11). In his petition for habeas relief, he does not differentiate between the offense for which he has been convicted in Case No. 14-CF-407 and the still-pending charge in Case No. 15-CF-38, on which he is still a pretrial detainee.

Petitioner rests his argument for dismissal of all state court criminal charges on his "Motion to Dismiss Charges" (Exhibit A), which he filed in both Jackson County cases referenced above. In the motion, petitioner asserts that he is:

> [A] foreign state Executive International Organization and Executor of CHRISTIAN MCLENDON ESTATE Agency and/or instrumentality, which is a separate legal person and an organ of myself as defined in 28 U.S.C. [§] 1603(b) foreign to the Jurisdiction of the circuit court of

Jackson County . . . .

(Doc. 1-1, p. 1). He notes that under 28 U.S.C. § 1604, a foreign state is immune from the jurisdiction of federal and state courts. He claims to be an "Internationally protected person" under international law, pursuant to Section 1 of the International Organization Immunities Act, 22 U.S.C. § 288, and the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(22). He concludes that he "do[es] not consent to being surety for these proceedings" under the Illinois Compiled Statutes in Jackson County, and states, "I, Mr. McLendon, order this court to dismiss any and all charges and immediately release me from the detention of Jackson County Jail." (Doc. 1-1, p. 2).

In the petition, he states that after he became aware of his "immunity," he refused to cooperate with his appointed public defender and attempted to fire her. Respondent Judge Schwartz initially refused petitioner's attempt to file his motion to dismiss (Exhibit A), but it was filed on February 20, 2015. On March 31, 2015, the judge informed petitioner that his motion had been denied, but no hearing was ever held on the motion. Petitioner objected and refused to consent to the proceedings, and asked to represent himself. However, petitioner stated that he could not conduct a jury trial. The judge ordered the public defender to continue her representation (Doc. 1, p. 2). Counsel's motion for substitution of judge was denied.

Petitioner refused to agree to the prosecution's plea offer. He again requested to represent himself, and filed a brief in support of his motion to

dismiss on April 28, 2015 (Doc. 1-2, pp. 1-5). He refused to meet with his appointed attorney, and refused to attend any further court dates (Doc. 1-2, p. 6, "Exhibit F"). He was tried *in absentia* on May 7, 2014, in Case No. 14-CF-407. The jury acquitted him of robbery, but found him guilty of attempted robbery (Doc. 1-2, p. 10).

Petitioner concludes that because he "did not partake or consent to any trial and/or proceedings here in Jackson County[,]" this Court should order respondent Schwartz to dismiss all charges, immediately release him from custody, and return his bond money (Doc. 1, p. 6).

**<u>Discussion</u>**

Initially, the Court observes that petitioner has named the wrong respondent in this action. The correct respondent in a habeas corpus proceeding is the person who has immediate custody over the petitioner; that is, his jailer or warden. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). While this flaw alone would be grounds for dismissal of the petition, there is a more significant reason why it must fail.

Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings. *See Gakuba v. O'Brien*, 711 F.3d 751 (7th Cir. 2013); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986). In fact, federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for

review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). The extraordinary or special circumstances which might overcome this abstention rule are limited to instances where irreparable damage would occur, such as claims of double jeopardy or speedy trial violations, or prosecutorial harassment and bad faith. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (federal habeas relief may be considered only where "immediate federal intervention is necessary to prevent the challenge [to the legality of the prisoner's custody] from becoming moot"); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). Additionally, a habeas petitioner must first exhaust his claims in the state courts before he may seek relief in federal court. *Braden*, 410 U.S. at 490-92; *Neville*, 611 F.2d at 675.

No extraordinary or special circumstances are present in the instant case. Petitioner's declaration that he is a "foreign state" is in the same vein as the "sovereign citizen" immunity arguments which have been universally rejected as frivolous. In *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011), reviewing federal criminal convictions in which two of the co-defendants asserted their immunity from prosecution as sovereigns, the Seventh Circuit stated:

> We have repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk. See *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting the "shop worn" argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United States v. Sloan*, 939 F.2d 499, 500-01 (7th Cir. 1991); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law"); *United States v. Phillips*, 326 F. App'x 400 (7th Cir. 2009) (dismissing jurisdiction arguments as frivolous because federal courts have subject matter and personal jurisdiction over defendants brought before them on federal indictments alleging violations of federal law). Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.

*Benabe*, 654 F.3d at 767. Petitioner's "foreign state" argument is thus without merit, and provides no grounds for this Court to interfere with his ongoing[2] state criminal proceedings. The *Younger* doctrine deprives this Court of jurisdiction.

This § 2254 habeas petition shall be dismissed. However, dismissal of this petition shall be without prejudice to any future habeas petition that petitioner may file, with reference to either of his state cases mentioned herein. As to the charge in Case No. 15-CR-38 that has not yet been tried, habeas relief for a pretrial detainee is generally considered under 28 U.S.C. § 2241 (as was the case with McLendon's earlier petition in 15-cv-210-DRH). Such a petition would not preclude a criminal defendant from seeking habeas relief at a later date if he is ultimately convicted. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597-98 (7th Cir.

---

[2] While petitioner has been convicted of a felony in 14-CF-407, he has apparently not yet been sentenced, and it is not clear whether he intends to appeal from that conviction or otherwise challenge it in the state courts. His other case, 15-CF-38, has not yet come to a trial or other conclusion. The Court is satisfied that both these matters are "ongoing" as they pertain to the *Younger* doctrine.

2001) (pretrial habeas petition falls within the ambit of § 2241 and, consequently, should not be counted under 28 U.S.C. § 2244 when considering subsequent and possibly successive petition(s)). Even though petitioner has labeled his pleading as being brought pursuant to § 2254, the Court shall apply this rule with reference to Case No. 15-CF-38, and the dismissal of this action shall not preclude him from bringing a future petition.

Regarding Jackson County Case No. 14-CF-407, in which petitioner now stands convicted but not sentenced, a challenge to the constitutionality of this conviction pursuant to 28 U.S.C. § 2254 is premature. Petitioner should take note that before he may bring a § 2254 habeas challenge to a conviction, he must first exhaust his remedies through the Illinois state courts. 28 U.S.C. § 2254(b)(1); *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

According to petitioner's allegations and exhibits, it appears that final judgment has not yet been entered in Case No. 14-CF-407. Counsel advised him of necessary steps that he must take if he wishes to appeal the outcome of that case, but the petition is silent as to whether McLendon has taken any action to lay the foundation for an appeal. Therefore, the instant petition shall be dismissed without prejudice to any habeas claims (other than the frivolous sovereign citizen arguments) that petitioner may wish to raise in reference to Jackson County Case No. 14-CF-407. Petitioner may seek future federal habeas relief in that case, after judgment has been entered and after he has exhausted his state appellate and post-conviction remedies.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons set forth above, the petition is **DISMISSED without prejudice** to any other habeas corpus petition that McLendon may file.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prisoner trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C.

§ 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[3]

**<u>Denial of Certificate of Appealability</u>**

Should petitioner desire to appeal this Court's ruling dismissing his § 2254 petition, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner has not stated any grounds for relief under § 2254. Furthermore, the Court finds

---

[3] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 19th day of June, 2015.

Digitally signed by David R. Herndon
Date: 2015.06.19 14:55:07 -05'00'

**United States District Court**